**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-1315**

LOUIS M. TUTT, III,

Plaintiff - Appellant,

v.

CHRISTINE WORMUTH, Secretary of the Army,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Patricia Tolliver Giles, District Judge.  (1:19-cv-00588-PTG-IDD)

Submitted:  August 16, 2024                      Decided:  September 11, 2024

Before WILKINSON, HARRIS, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Joshua H. Erlich, Katherine L. Herrmann, ERLICH LAW OFFICE PLLC, Arlington, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Kirstin K. O'Connor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Louis M. Tutt, III, appeals the district court's order granting summary judgment to Appellee Christine Wormuth, the Secretary of the Army, on Tutt's claim of retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII).  On appeal, Tutt argues that the district court erred by finding he had not established a genuine dispute of material fact as to the causation or pretext elements of his claim.  We affirm.

We review de novo a district court's grant of summary judgment, viewing "the facts in the light most favorable to" the nonmoving party and "drawing all reasonable inferences in his favor."  *Dean v. Jones*, 984 F.3d 295, 301 (4th Cir. 2021).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A factual dispute is genuine only where the nonmovant's version is supported by sufficient evidence to permit a reasonable jury to find in [his] favor."  *United States v. 8.929 Acres of Land*, 36 F.4th 240, 252 (4th Cir. 2022) (cleaned up).

"Title VII forbids . . . retaliation against an employee for opposing adverse actions that []he reasonably suspects to be unlawful under Title VII."  *Strothers v. City of Laurel*, 895 F.3d 317, 326-27 (4th Cir. 2018).  To establish a prima facie case of retaliation under the *McDonnell Douglas** framework, a plaintiff must show that "(1) []he engaged in a protected activity, (2) the employer acted adversely against [him], and (3) there was a

---

* *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

2

causal connection between the protected activity and the asserted adverse action." *Walton v. Harker*, 33 F.4th 165, 177 (4th Cir. 2022) (internal quotation marks omitted).

Once a plaintiff establishes his prima facie case, "[t]he burden then shifts to the employer to demonstrate that its purportedly retaliatory action was in fact the result of a legitimate non-retaliatory reason." *Sempowich v. Tactile Sys. Tech., Inc.*, 19 F.4th 643, 653-54 (4th Cir. 2021) (internal quotation marks omitted). If the employer makes this showing, "the burden shifts back to the plaintiff to show that the employer's purported nonretaliatory reasons were not its true reasons, but were a pretext for discrimination." *Id.* at 654 (internal quotation marks omitted). At this final step, "Title VII retaliation claims must be proved according to traditional principles of but-for causation." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).

We discern no reversible error in the district court's findings. To establish causation, "a plaintiff can either show a temporal proximity between the protected activity and adverse action, or that other relevant evidence indicates continuing retaliatory conduct and animus toward the plaintiff." *Alberti v. Rector & Visitors of the Univ. of Va.*, 65 F.4th 151, 156 (4th Cir. 2023) (internal quotation marks omitted). As we noted in Tutt's prior appeal, the large temporal gap between Tutt's protected activity and the alleged adverse action "significantly weakens any inference of causation." *Tutt v. Wormuth*, No. 19-2480, 2021 WL 4076729, at *2 (4th Cir. Sept. 8, 2021). And although "courts may look to the intervening period for other evidence of retaliatory animus" to bridge such a gap, *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007) (internal quotation marks omitted), the alleged intervening retaliatory activities on which Tutt relies "fail[] to establish the pattern

of retribution required," *Massaro v. Fairfax County*, 95 F.4th 895, 902 (4th Cir. 2024). Moreover, even if Tutt had established a prima facie case of retaliation, the district court did not err in finding he had not sufficiently shown Appellee's proffered nonretaliatory reasons for his permanent reassignment were pretextual. Although a plaintiff may establish pretext by "show[ing] that an employer's proffered nondiscriminatory reasons for the [adverse action] are inconsistent over time, false, or based on mistakes of fact," *Sempowich*, 19 F.4th at 652 (internal quotation marks omitted), he cannot do so "by focusing on minor discrepancies that do not cast doubt on the explanation's validity, or by raising points that are wholly irrelevant to it," *Hux v. City of Newport News*, 451 F.3d 311, 315 (4th Cir. 2006).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*